# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

SCOTT KLAPPERICH, individually and on behalf of all others similarly situated

        Plaintiff,

vs.

NORTHSTAR LOCATION SERVICES, LLC,

        Defendant.

Case No. 2:19-cv-01859

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, Scott Klapperich, ("KLAPPERICH") against Defendant, Northstar Location Services, LLC ("NORTHSTAR"), based on the following:

### I. PRELIMINARY STATEMENT

1. This action arises from practices engaged in by Defendant when attempting to collect consumer debts that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

4. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. *Id.*

11. Plaintiff is seeking, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.     PARTIES

12. KLAPPERICH is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in the City of of Saint Cloud, Fond du Lac County, Wisconsin.

13. NORTHSTAR is a for-profit limited liability company formed under the laws of the State of New York.

14. On information and belief, NORTHSTAR maintains its principal place of business at 4285 Genessee St., Cheektowaga, New York.

15. NORTHSTAR's registered agent in Wisconsin is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703.

### III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

18. NORTHSTAR regularly engages in the collection of defaulted consumer debts or allegedly defaulted consumer debts owed to others.

19. NORTHSTAR is a business the principal purpose of which is the collection of defaulted consumer debts.

20. In attempting to collect debts, NORTHSTAR uses the mails, telephone, the internet, and other instruments of interstate commerce.

21. NORTHSTAR mailed or caused to be mailed a letter dated August 6, 2019 (the "Letter") to KLAPPERICH.

22. A true and correct copy of the Letter is attached as *Exhibit A*, except portions of the Letter are redacted.

23. The Letter alleges KLAPPERICH had incurred and defaulted on a financial obligation (the "Debt") owed to Discover Bank.

24. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

25. On information and belief, sometime prior to August 6, 2019, the creditor of the Debt either directly or through intermediate transactions placed with, assigned to, or transferred the Debt to NORTHSTAR for collection.

26. The Letter stated the balance was $1,360.60.

27. The Letter offered to settle the Debt for $340.15, a discount of $1,020.45.

28. The Letter further stated, in relevant part:

> Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing.

29. In offering a $1,020.45 discount, Discover Bank was offering to write off or forgive that amount of the Debt.

30. When Discover Bank writes off or forgives $600 or more of the principal amount of a debt, it may be required by law to file an IRS Form 1099C.

31. When the amount of principal forgiven is less than $600, Discover Bank (like other credit issuing banks) is not required to file, and so does not file, an IRS Form 1099C.

32. On information and belief, a substantial portion of the $1,020.45 Discover Bank was willing to write off or forgive consisted of interest, late fees, and other non-principal amounts.

33. On information and belief, the $1,020.45 Discover Bank was offering to write off or forgive consisted of less than $600 was principal.

34. If Plaintiff had accepted the offer, Discover Bank would not have filed an IRS Form 1099C because the amount of principal being forgiven was less than $600.

35. The Letter was misleading because it suggested that Discover Bank might file an IRS Form 1099C when in fact Discover Bank would not do so because less than $600 in principal would be forgiven.

36. The Letter fails to identify how much of the settlement amount consisted of principal, interest, late fees, and other non-principal amounts.

37. On information and belief, at the time NORTHSTAR sent the Letter, it lacked information as to what portion of the $1,020.45 was principal and what portion was interest, late fees, and other non-principal amounts.

38. Immediately after stating Discover Bank may file a 100C form, the Letter included the following recommendation: "We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing."

39. The Letter fails to provide sufficient information to enable a certified public accountant or other "tax advisor" to provide the unsophisticated consumer with a professional opinion as to the tax consequences of accepting the settlement offer.

40. By virtue of the defaulted nature of the debts Discover Bank places with NORTHSTAR for collection, the consumers alleged to owe the debts are likely insolvent.

41. NORTHSTAR, therefore, knows, or reasonably should know, that the consumers who receive its letters will be unable to afford to consult with a "tax advisor."

42. NORTHSTAR is under no legal requirement to disclose that a settlement may have tax consequences or that Discover Bank may file a Form 1099C.

43. NORTHSTAR is under no legal requirement to recommend consulting with a "tax advisor."

44. NORTHSTAR's references to "tax consequences," "1099C," and "tax advisor" are intended to facilitate its collection efforts.

45. By referring to ""tax consequences," "1099C," and "tax advisor," NORTHSTAR increases the likelihood the consumer will pay the full amount of the debt to avoid increased involvement with, or scrutiny by, the IRS.

46. Upon receiving the Letter, the unsophisticated consumer will make arrangements to pay the debt in full, fearing the effects the filing of an IRS Form 1099C would have, including, but not limited to, possible disqualification from tax benefits such as the earned income credit, entitlement benefit such as housing and Social Security benefits, incurring tax penalties for additional income for which there was no withholding, or a time-consuming and emotionally distressing audit.

47. The Letter was intended to induce consumers to pay more than the settlement amount so as to avoid the "tax consequences" of accepting the settlement.

48. The Letter is materially confusing, misleading, and deceptive to the unsophisticated consumer.

49. The Letter deprived Plaintiff of truthful, non-misleading, information in connection with NORTHSTAR's attempt to collect the Debt.

### V. CLASS ALLEGATIONS

50. The Letter is a form letter. Specifically, the Letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics

defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letter. Defendant's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. *Class Definition.* The Class is defined as:

> All natural persons to whom NORTHSTAR LOCATION SERVICES, LLC mailed a written communication in the form of *Exhibit A* to a Wisconsin address during the Class Period beginning on December 18, 2018 and ending on January 8, 2020.

52. The identities of the Class members are readily ascertainable from Defendant's business records and the business records of those entities on whose behalf Defendant attempts to collect debts.

*53.* *Class Claims.* The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from Defendant having sent a written communication in the same form as *Exhibit A*.

54. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b) *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those

questions concern the same conduct by Defendant with respect to each Class member.

(c) *Typicality.* The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

(d) *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4); (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

### VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

57. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

58. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

59. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

60. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

61. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. The use and mailing of *Exhibit A* by Defendant violated the FDCPA in one or more following ways:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (b) Using a false representation of the chater, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2);

   (c) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

   (d) Using unfair or unconsionable means in connection with the collection of any debt in violation of 15 U.S.C. § 1692f.

## VII. PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff demands judgment against, Defendant as follows:

   (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

   (b) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

   (c) In the Court's discretion, an award to Plaintiff for services on behalf of the Class;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) To the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

(f) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

64. Trial by jury is demanded on all issues so triable.

Dated: December 18, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar #2014133)
*Attorneys for Plaintiff, Scott Klapperich*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Katelyn@SternThomasson.com